**Electronically Filed**
**Intermediate Court of Appeals**
**29185**
**24-FEB-2011**
**07:58 AM**

NO. 29185

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


KENT K. FONOIMOANA, Claimant-Appellant,
v.
SUNRISE CONSTRUCTION, INC., and
SEABRIGHT INSURANCE COMPANY,
Employer/Insurance Carrier-Appellee.


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2006-023 (2-02-02768))


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Leonard, JJ.)

In this workers' compensation case, Claimant-Appellant Kent K. Fonoimoana (Fonoimoana) appeals from the May 20, 2008, "Decision and Order," filed by the Labor and Industrial Relations Appeals Board (LIRAB), that affirmed in part and reversed in part the decision of the Director of the Department of Labor and Industrial Relations (Director).[1]

I.

Fonoimoana was employed by Sunrise Construction, Inc. (Sunrise) as a lead framer/carpenter when he was injured in a work accident on March 5, 2002. Two walls for a residence being constructed had been braced in an "L shape" on a concrete slab. Fonoimoana was in a semi-squatted position, lifting another wall

---

[1] The LIRAB affirmed the Director's decision, except with respect to the Director's denial of further medical treatment for Fonoimoana's neck. The LIRAB concluded that Fonoimoana was entitled to "further medical treatment pursuant to Section 386-21, HRS [(Hawaii Revised Statutes),] reasonably required by his March 5, 2002 work-related neck or cervical spine injury."

with a co-worker, when the main wall that had previously been braced fell on Fonoimoana's back. Fonoimoana estimated that the main wall weighed between 900 and 1,400 pounds.

The parties agree that Fonoimoana sustained injury to his neck as a result of the work accident. After a magnetic resonance imaging (MRI) was taken of Fonoimoana's cervical spine, Fonoimoana was diagnosed as having a herniated nucleus pulposus at C6-7. Fonoimoana underwent surgery consisting of an anterior cervical discectomy and fusion at C6-7.

II.

On appeal, Fonoimoana argues that: (1) the LIRAB erred in finding that Fonoimoana did not sustain a personal injury involving the low back as a result of the work accident; (2) the Director erred in deciding to close Fonoimoana's vocational rehabilitation case, and the LIRAB erred in failing to remand the issue of the closure of Fonoimoana's vocational rehabilitation case to the Director for reconsideration; (3) the LIRAB erred in determining that Fonoimoana's entitlement to temporary total disability (TTD) benefits ended on July 29, 2004, and in determining that Employer-Appellee Sunrise and Insurance Carrier-Appellee Seabright Insurance Company (Seabright) (collectively referred to as "Employer") were entitled to credit TTD benefits paid to Fonoimoana after July 29, 2004, against his award for permanent partial disability (PPD) benefits; (4) the LIRAB erred in determining the extent of Fonoimoana's disability resulting from the work accident; (5) the LIRAB did not provide Fonoimoana with a fair trial because it did not require Employer to provide Fonoimoana with access to all relevant records and witnesses; and (6) the LIRAB and the Director "failed to equally apply the laws and statutes of the State of Hawaii thus violating [Fonoimoana's] rights of due process and equal protection or equal justice under the law."

For the reasons discussed below, we affirm the LIRAB's Decision and Order.

III.

We resolve the arguments raised by Fonoimoana on appeal as follows:

A.

We conclude that the LIRAB did not err in finding that Fonoimoana did not sustain a personal injury involving the low back as a result of his work accident. In making this finding, the LIRAB credited the opinion of Dr. Raymond Taniguchi, M.D., a neurosurgeon, who opined that Fonoimoana did not sustain a low back injury or aggravate his pre-existing low back condition as a result of his work injury. The LIRAB also noted that Fonoimoana's medical records did not reflect any contemporaneous reports or complaints of low back symptoms for more than a month following the work accident.

Fonoimoana basically argues that the LIRAB should not have credited Dr. Taniguchi's opinion, but instead should have credited Fonoimoana's testimony and other evidence Fonoimoana claims supported his position. However, in reviewing a decision of the LIRAB, we give deference to the LIRAB's assessment of the credibility of witnesses and the weight of the evidence. See Nakamura v. State, 98 Hawaiʻi 263, 268, 47 P.3d 730, 735 (2002); Moi v. State of Hawaiʻi, Dept. of Public Safety, 118 Hawaiʻi 239, 242, 188 P.3d 753, 756 (App. 2008). We conclude that there was sufficient evidence to support the LIRAB's finding.

B.

We reject Fonoimoana's claims of error with respect to the closure of his vocational rehabilitation case. Fonoimoana participated in vocational rehabilitation between November 2002 and July 2004. In April 2004, Fonoimoana submitted a vocational rehabilitation plan for approval. Employer objected to aspects of the plan, and the plan was denied by the Vocational Rehabilitation Branch of the Department of Labor and Industrial Relations (DLIR). Fonoimoana sought reconsideration of this denial, and the Vocational Rehabilitation Branch affirmed its denial of Fonoimoana's plan on April 29, 2004. Pursuant to

3

Hawai'i Administrative Rules (HAR) § 12-14-48(c),[2/] Fonoimoana requested a hearing on the Vocational Rehabilitation Branch's denial of his vocational rehabilitation plan, and a hearing was scheduled for July 21, 2004. However, at the request of the parties, this hearing was cancelled.

By a notice dated July 29, 2004, the DLIR informed the parties that Fonoimoana's vocational rehabilitation case would be closed if no objection was filed within ten days. The notice further stated that "in accordance with [HAR] Section 12-14-30, [[3/]] if the director receives no objection within ten calendar days from the date of this notice, the closure will be considered final and the employee may not request further reconsideration under [HAR] Section 12-14-48." Fonoimoana did not file an objection to the closure of his vocational rehabilitation case, and the case was closed effective July 29, 2004. Fonoimoana was represented by counsel at the time that his vocational rehabilitation case was closed.

Based on these circumstances, we conclude that the Director did not err in closing Fonoimoana's vocational rehabilitation case and that the LIRAB did not err in failing to remand the issue of this closure to the Director for reconsideration. By failing to timely object to the closure of his vocational rehabilitation case, Fonoimoana waived his right to challenge the closure.

---

[2/] HAR § 12-14-48(c) provides in relevant part:

(c) A reconsideration determination [issued by the rehabilitation unit] is considered final unless a written request for hearing is filed within ten calendar days from the date of the reconsideration determination. A hearing shall be held before a hearings officer designated by the director.

[3/] HAR § 12-14-30(d) provides in relevant part:

(d) If no objection is received by the director within ten calendar days from the date of the director's closure notice, the closure will be considered final and the employee may not request further reconsideration under section 12-14-48.

C.

We conclude that the LIRAB did not err in determining that Fonoimoana's entitlement to TTD benefits ended on July 29, 2004, and in determining that Employer was entitled to a credit for TTD benefit payments Employer made after July 29, 2004, against amounts owed to Fonoimoana for his PPD award. TTD benefits may be terminated "[1] upon order of the [Director] or [2] if the employee is able to resume work." HRS § 386-31(b) (1993); see Tamashiro v. Control Specialist, Inc., 97 Hawai'i 86, 92 n.6, 34 P.3d 16, 22 n.6 (2001). The Hawai'i Supreme Court has upheld the termination of a claimant's TTD benefits under § 386-31(b) where claimant's medical condition was stable and the claimant's vocational rehabilitation was properly closed. See Atchley v. Bank of Hawai'i, 80 Hawai'i 239, 244, 909 P.2d 567, 572 (1996).

Here, Dr. James Langworthy, M.D., an occupational medicine specialist, found that Fonoimoana's medical condition was stable and that Fonoimoana's PPD was ratable as of February 19, 2003. Fonoimoana's claim that the LIRAB erred in ending his TTD benefits on July 29, 2004, is based on his argument that his vocational rehabilitation plan should not have been closed on that date. However, as previously noted, Fonoimoana waived his right to challenge the closure of his vocational rehabilitation plan. Accordingly, his claim that the LIRAB erred in ending his TTD benefits on July 29, 2004, must also fail. Moreover, because Fonoimoana's entitlement to TTD benefits ended on July 29, 2004, Employer was entitled to a credit for the TTD benefits it paid to Fonoimoana after July 29, 2004, against the amounts it owed to Fonoimoana for his PPD award. See HRS § 386-52 (1993).

D.

We conclude that the LIRAB did not err in determining the extent of Fonoimoana's disability resulting from the work accident. Fonoimoana argues that the extent of his disability is greater than the thirty percent PPD of the whole person that was found by the Director and affirmed by the LIRAB. However, the

5

decisions of the Director and the LIRAB were supported by Dr.
Langworthy's disability rating with which Dr. Taniguchi agreed.
We cannot say that the LIRAB erred in crediting Dr. Langworthy's
disability rating and in affirming the Director's award of thirty
percent PPD of the whole person.  See Nakamura, 98 Hawai'i at
268, 47 P.3d at 735.

E.

We reject Fonoimoana's contention that the LIRAB did
not provide Fonoimoana with a fair trial because it did not
require Employer to provide Fonoimoana with access to all
relevant records and witnesses.  Fonoimoana, in particular,
argues that the LIRAB erred in failing to compel Employer to
produce requested documents and in quashing subpoenas he issued
for three witnesses at trial.  The record, however, shows that
Fonoimoana did not comply with discovery requirements, and
therefore, the LIRAB did not err in denying his request to compel
the production of documents.

As to the witness subpoenas, Fonoimoana failed to file
a "live witness identification," as required by the First Amended
Pretrial Order, to provide Employer with notice of the witnesses
Fonoimoana intended to call at trial.  Thus, the LIRAB did not
err in quashing the subpoenas Fonoimoana had served on the three
witnesses.  See HAR § 12-47-22(b)(2) ("An individual not
identified in the party's live witness statement shall not be
allowed to testify at trial.").  Moreover, based on Fonoimoana's
proffer of the anticipated testimony of the three witnesses, we
conclude that their testimony was sought on matters that were
uncontested, such as how the accident occurred,[4] or would not

---

[4] The LIRAB temporarily remanded the case to the Director for a
determination of the specific description of Fonoimoana's work accident. On
remand, Employer did not challenge Fonoimoana's account of the accident.  The
Director adopted Fonoimoana's account in entering findings on how the accident
occurred, which neither party appealed and which the LIRAB accepted.  After
reviewing the Director's decision, which adopted Fonoimoana account of the
accident, Dr. Taniguchi, whose opinion the LIRAB relied upon, stated that
Fonoimoana's account did not change his opinion that Fonoimoana's low back
condition was not attributable to the accident.

have affected Fonoimoana's entitlement to benefits, such as his contention that Employer falsely altered his original report of how the accident occurred. Accordingly, the quashing of the subpoenas did not result in any substantial prejudice to Fonoimoana.

F.

The record does not support Fonoimoana's claim that the LIRAB and the Director violated his rights to "due process and equal protection or equal justice under the law," and we conclude that this claim lacks merit.

IV.

We affirm the May 20, 2008, "Decision and Order" filed by the Labor and Industrial Relations Appeals Board.

DATED: Honolulu, Hawai'i, February 24, 2011.

On the briefs:

Kent K. Fonoimoana
Claimant-Appellant Pro Se

Sidney J.Y. Wong
Colette H. Gomoto
Blaine W. Fujimoto
(Wong & Oshima)
for Employer/Insurance
Carrier-Appellee

*Craig H. Nakamura*
Chief Judge

*Daniel R. Foley*
Associate Judge

Associate Judge

7